U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT**

2019 FEB 27 AM II: 37

CLERK

BY _____ (hand)
DEPUTY CLERK

)
EVERTON BROWNIE,                    )
                                    )
        Plaintiff,                  )    Doc. No. 357-12-18 BNCV
                                    )    Vermont Superior Court
                                    )
        v.                          )
                                    )    Case No. 2:19 CV 36
MERRITT HOSPITALITY, LLC            )
d/b/a HEI HOTELS & RESORTS          )
                                    )
        Defendant.                  )
_____)

### NOTICE OF REMOVAL

To:     United States District Court for the District of Vermont

        Vermont Superior Court -- Bennington

        Stefan Ricci
        Ricci Law, PLC
        85 Main Street
        Windsor, VT 05089
        stefan@riccilawvt.com

        PLEASE TAKE NOTICE that Defendant MERRITT HOSPITALITY, LLC (hereinafter

"Merritt"), by its counsel, and pursuant to 28 U.S.C. §§ 1332 and 1441, files this Notice of

Removal with respect to the case entitled Everton Brownie v. Merritt Hospitality, LLC, Docket

No. 357-12-18, from the Superior Court of Vermont, Civil Division, Bennington Unit. The

grounds for this removal are as follows:

        1.      On or about December 27, 2018, Plaintiff Everton Brownie ("Brownie" or

"Plaintiff") filed a Complaint (the "Complaint") with the Clerk of the Superior Court of

Vermont, Civil Division, Bennington Unit, alleging: (1) National Origin Discrimination under

Vermont's Fair Employment Practices Act; and (2) Race Discrimination under Vermont's Fair

Employment Practices Act against Merritt Hospitality, LLC and two other defendants, CWI Manchester Hotel LLC and HEI Equinox, LLC. A copy of the Complaint and all other filings in the state court action are attached as Exhibit A.

2.     The parties subsequently stipulated to the voluntary dismissal of CWI Manchester Hotel LLC and HEI Equinox, LLC, neither of which employed Plaintiff during the relevant period of time. *See* Ex. A.

3.     This Court has subject matter jurisdiction over the Complaint because of diversity of citizenship pursuant to 28 U.S.C. § 1332.

4.     Diversity jurisdiction exists in this matter, in that:

(a)     According to the Complaint, Brownie is a citizen of the State of Vermont (Compl. ¶ 1);

(b)     Merritt Hospitality, LLC is a limited liability company organized under the laws of Delaware and maintaining its principal place of business in the State of Connecticut. The individual members of Merritt include HEI Hospitality, LLC (99.9% ownership) and Gary Mendell (citizen of the state of Connecticut). The individual members of HEI Hospitality, LLC include The Gary M. Mendell Revocable Trust (organized under the laws of the State of Connecticut), The Stephen Mendell Revocable Trust (organized under the laws of the State of Connecticut), and Stephen Rushmore (citizen of the state of Florida). None of Defendant's members are citizens of Vermont. *See* Declaration of Jean Schmier attached as Exhibit B.

5.     Additionally, the amount in controversy herein exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). That is because Plaintiff seeks backpay, compensatory

2

damages, punitive damages, as well as attorney's fees, which upon good faith belief, will readily exceed $75,000.00, exclusive of interest and costs, if Plaintiff were to prevail at trial.

6. Because Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 and this case is removable to this Court pursuant to 28 U.S.C. §§ 1441 and 1446(b).

7. By filing this Notice of Removal, Defendant does not waive any defenses available at law, in equity or otherwise.

WHEREFORE, Defendant respectfully requests that the above-referenced civil action proceed in the United States District Court for the District of Vermont as an action properly removed thereto under 28 U.S.C. § 1332 and 1441.

February 27, 2019                           Respectfully submitted,

                                            MERRITT HOSPITALITY, LLC

                                            J. Patrick Kennedy
                                            SEYFARTH SHAW LLP
                                            Seaport East
                                            Two Seaport Lane, Suite 300
                                            Boston, MA 02210
                                            617-946-4912
                                            PKennedy@seyfarth.com

                                            Eric J. Janson (to be admitted *pro hac vice*)
                                            Leslie V. Maffeo (to be admitted *pro hac vice*)
                                            SEYFARTH SHAW LLP
                                            975 F Street, NW
                                            Washington, DC 20004
                                            202-463-2400
                                            EJanson@seyfarth.com
                                            LMaffeo@seyfarth.com

                                            *Counsel for Defendant Merritt Hospitality, LLC*

3

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Notice of Removal, was served by U.S. Mail,

postage prepaid, this 27th day of February, 2019 upon:

Stefan Ricci
Ricci Law, PLC
85 Main Street
Windsor, VT 05089
stefan@riccilawvt.com

I also certify that I have caused a copy of this Notice of Removal to be filed with the

Clerk of the Superior Court of Vermont in accordance with 28 U.S.C. § 1446(d) and have filed

herewith all process, pleadings, and orders served upon or by Defendant pursuant to 28 U.S.C.

§ 1446(a).

J. Patrick Kennedy

55168148v.1