# STATE OF VERMONT

**SUPERIOR COURT**                    Civil               **DIVISION**

**Bennington**          **Unit**          **Docket No.:** 357-12-18 Bncv

| *Plaintiff(s)* | VS. | *Defendant(s)* |
|---|---|---|
| **Everton Brownie** | | **CWI Manchester Hotel LLC** |

## SUMMONS

**THIS SUMMONS IS DIRECTED TO** Merritt Hospitality, LLC

1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights.

2. **YOU MUST REPLY WITHIN 20\* DAYS TO PROTECT YOUR RIGHTS**. You must give or mail the Plaintiff **a written response** called an Answer within 20\* days of the date on which you received this Summons. You must send a copy of your Answer to the [Plaintiff][Plaintiff's attorney] located at: Ricci Law, PLC; 85 Main Street, Windsor, VT  05089

   You must also give or mail your Answer to the Court located at:
   Vermont Superior Court, Bennington Unit Civil Division; 207 South St., Bennington, VT 05201

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT GIVE YOUR WRITTEN ANSWER TO THE COURT.** If you do not Answer within 20\* days and file it with the Court, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint.

5. **YOU MUST MAKE ANY CLAIMS AGAINST THE PLAINTIFF IN YOUR REPLY.** Your Answer must state any related legal claims you have against the Plaintiff. Your claims against the Plaintiff are called Counterclaims. If you do not make your Counterclaims in writing in your Answer, you may not be able to bring them up at all. Even if you have insurance and the insurance company will defend you, you must still file any Counterclaims you may have.

6. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you cannot afford a lawyer, you should ask the court clerk for information about places where you can get free legal help. **Even if you cannot get legal help, you must still give the Court a written Answer to protect your rights or you may lose the case**.

**7. NOTICE OF APPEARANCE FORM.** THE COURT NEEDS TO KNOW HOW TO REACH YOU SO THAT YOU WILL BE INFORMED OF ALL MATTERS RELATING TO YOUR CASE. If you have not hired an attorney and are representing yourself, in addition to filing the required answer it is important that you file the Notice of Appearance form attached to this summons, to give the court your name, mailing address and phone number (and email address, if you have one). You must also mail or deliver a copy of the form to the lawyer or party who sent you this paperwork, so that you will receive copies of anything else they file with the court.

*Plaintiff's Attorney/Court Clerk*          *Dated*

Served on

*Date*          *Sheriff*

* Use 20 days, except that in the exceptional situations where a different time is allowed by the court in which to answer, the different time should be inserted.

# STATE OF VERMONT

**SUPERIOR COURT**

**Bennington** ☐▾ **Unit**

_____Civil_____ **DIVISION**

**Docket No.:** 357-12-18 Bncv

| Plaintiff(s) | **VS.** | Defendant(s) |
|---|---|---|
| Everett Brownie | | CWI Manchester Hotel LLC et al |

## NOTICE OF APPEARANCE
### For Self-Represented Litigant

I am the:  ☐ Plaintiff  ☑ Defendant  in this case.

I will represent myself and, in addition to filing the required answer, I hereby enter my appearance with the court.  If I decide to be represented by an attorney in the future, either my attorney or I will notify the court of the change.

In representing myself, I understand that I **MUST**:

**1. Notify the court in writing of any changes in my address, phone number, or email address.**
**2. Give or send copies of any papers I file with the court to every other party in this case. If another party has an attorney, I will give or send copies to that party's attorney.**
**3. File a certificate of service with the court swearing that I have sent the papers I am filing to all parties. I understand that I can find that form on the Vermont Judiciary website or at the court house.**

**All court papers may be mailed to me by first class mail at the address listed below.**

| My Street Address | | | My Mailing Address (if different) | | |
|---|---|---|---|---|---|
| | | | | | |
| *Name* | | | *Name* | | |
| *Address* | | | *Address* | | |
| *Town/City* | *State* | *Zip* | *Town/City* | *State* | *Zip* |
| *Phone Number (day)* | | | *Phone Number (day)* | | |
| *Email Address* | | | *Email Address* | | |

*Dated*                                              *Signature*

_____          _____

                                                          *Printed Name*

                                                          _____

STATE OF VERMONT

SUPERIOR COURT
BENNINGTON UNIT

CIVIL DIVISION
DOCKET NO. 357-12-18 Bncv

EVERTON BROWNIE,　　　　　)
　　　　　　PLAINTIFF　　　　)
　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　)
　　　　　　　　　　　　　　　)
CWI MANCHESTER HOTEL　　)
LLC, d/b/a The Equinox Luxury　)
Resort, MERRITT　　　　　　)
HOSPITALITY, LLC, and HEI　)
EQUINOX, LLC d/b/a/　　　　)
Equinox Hotel　　　　　　　)
　　　　　DEFENDANTS　　　)
　　　　　　　　　　　　　　　)

**COMPLAINT**

**JURY TRIAL DEMANDED**

## INTRODUCTION

PLAINTIFF Everton Brownie ("Plaintiff"), through counsel, brings this action for damages for injuries caused by his employer's unlawful discrimination based on his national origin in violation of 21 V.S.A. § 495.

## THE PARTIES

1.　Plaintiff is a resident of Manchester Vermont, Bennington County, Vermont. He is black and was born in and then immigrated from Jamaica. Plaintiff was at all material times employed at the Equinox Hotel in Manchester, Vermont.

2.　Defendant, CWI Manchester Hotel, LLC d/b/a Equinox Luxury Hotel, is a Vermont Foreign For Profit company with its principle address in New York at 50 Rockefeller Plaza, 2nd Floor, c/o W.P. Carneys Inc. New York, NY 10020, and conducts business in the State of Vermont, including operating and/or managing and/or owning the

Equinox Luxury Hotel in Manchester, Vermont. Its registered agent is Corporation Service Company, with an address of 100 North Main Street, Ste. 2, Barre, VT 05641.

3. Defendant Merritt Hospitality, LLC is a Vermont Foreign For Profit company with its principle address in Connecticut at 101 Merritt 7 Corporate Park, 1st Floor, Norwalk, CT 06851, and conducts business in the State of Vermont, including operating and/or managing the Equinox Luxury Hotel in Manchester, Vermont. Its registered agent is Corporation Service Company, with an address of 100 North Main Street, Ste. 2, Barre, VT 05641.

4. Defendant HEI Equinox, LLC, d/b/a Equinox Hotel was Vermont Foreign For Profit company with its principle address in Connecticut at 101 Merritt 7 Corporate Park, 1st Floor, Norwalk, CT 06851, and conducted business in the State of Vermont, including owning and/or operating and/or managing the Equinox Hotel in Manchester, Vermont. Its registered agent is CT Corporation System, 400 Cornerstone Dr. #240, Williston, VT 05495. On information and belief, HEI Equinox, LLC was Plaintiff's employer at all material times and was subsequently purchased by Defendant CWI Manchester Hotel, LLC, d/b/a/ Equinox Luxury Hotel and-or Defendant Merritt Hospitality, LLC

5. Defendants, CWI Manchester Hotel, LLC, Merritt Hospitality, LLC, and Defendant HEI Equinox, LLC, are herein collectively referred to as "Defendants" or "Hotel".

6. Jurisdiction lies in this Court pursuant to 4 V.S.A. § 31.

7. Venue is in this Court pursuant to 12 V.S.A. § 402(a).

## FACTS

Page 2 of 7

8. Defendants employed Plaintiff between August 2014 and April 2017. Before he was eventually hired, Plaintiff completed multiple applications and applied for numerous positions. In his final application, he indicated that he wanted a position as a front desk attendant.

9. When Plaintiff was hired, then acting Front Office Manager, Stephanee Hargett, told him that she needed him to start working on the hotel customer service phone lines as an PBX Operator before she could consider him for a front desk position.

10. Ms. Hargett told Plaintiff he could later move to a Front Desk position after he became more familiar with the Hotel's booking system.

11. PBX Operators are responsible for supporting the front desk by fielding all guest requests and issues received by telephone. Front desk attends have more opportunity for advancement, are held in higher regard, and have a greater salary range than PBX Operators.

12. Plaintiff's performance as a PBX Operator was very good to excellent. He became familiar with the booking system and could effectively communicate with guests. His Jamaican accent did not affect his ability to do the job.

13. Front desk attendants performed many of the same functions as PBX telephone operators, except they also dealt with Hotel guests in person. Plaintiff was well-qualified for the front desk attendant position.

14. Pursuant to the Hotel's written policies, employees who want to move to a different position at the Hotel should speak with their supervisors about it. In

Page 3 of 7

Spring 2015. Plaintiff asked Ms. Hargett to consider him for a position as a front desk attendant.

15. Ms. Hargett said she could not move him to the front desk because there was not an available position but recommended instead that he train and take some shifts as a bellman and continue some shifts as a PBX Operator.

16. Plaintiff reluctantly agreed in the hope he would eventually be transferred to the front desk. Between April 2015 and January 1, 2016, Plaintiff continued to work shifts as both a bellman and as PBX Operator. During this period, he regularly inquired with Ms. Hargett about a front desk position.

17. On January 2, 2016, Plaintiff met privately with Ms. Hargett and asked to be given a position as a front desk attendant. On information and belief, prior to the meeting, two front desk employees either left their positions or were terminated, and there was an available front desk position.

18. During the meeting, Plaintiff reminded Ms. Hargett that he applied for a front desk position and that she told him when she hired him that he could eventually move to the front desk.

19. Ms. Hargett responded that she would not offer him a front desk position and said the reason was his accent. She said guests at the front desk were going to have to ask him to repeat himself over and over. She said "the Equinox is a luxury hotel, and that means luxury in every way," and that because of his accent, she could not put him on the front desk.

Ricci Law, PLC
85 Main Street, Windsor, VT 05089

20. Plaintiff had a strong reaction to this blatant discrimination and became visibly upset. His accent was never in the past mentioned as problem. He had never heard that guests had trouble communicating with him over the phone or in person. None of his supervisors and no one he worked with had ever suggested his accent was a problem.

21. Plaintiff angrily confronted Ms. Haggert about her discriminatory reasons but she did not respond. She subsequently issued a written disciplinary warning.

22. After the meeting, Plaintiff remained upset. He spoke with multiple co-workers about what happened, and specifically relayed the reasons Ms. Hargett gave for not hiring him. Plaintiff was humiliated.

23. Multiple co-workers told Plaintiff that the Hotel could not discriminate against him because of his Jamaican accent and that this was race and-or national origin discrimination.

24. Ms. Hargett advised another employee, bellman David Weller, that she would never offer Plaintiff a position at the front desk, and said the reason was his accent.

25. Ms. Hargett's statements that Plaintiff's accent inhibited effective communication with guests were false and a mere pretext for illegal discrimination based on Plaintiff's national origin and is race.

26. On information and belief, Ms. Hargett learned that Plaintiff told his co-workers about her unlawful and discriminatory conduct. In an effort to conceal

Page 5 of 7

her actions, Ms. Hargett nominated Plaintiff as Employee of the Month for

January 2016.

27. Ms. Hargett said of Plaintiff:

> He never falters in his reliability, his pleasant attitude and his
> excitement about being here and working with his team. He has one of
> the best attitudes that I have ever worked with. Our guests are
> constantly singing his praises and look forward to his smiling face
> welcoming them at the door. Having Everton on our team is a pleasure
> and a privilege.

28. Despite Ms. Hargett's unequivocal statements that she refused to appoint

Plaintiff to the front desk because of his accent, Ms. Hargett also subsequently

stated that she never found Plaintiff's accent to be a problem, nor did it make

it difficult to understand him.

29. Plaintiff's employment with Defendants ended in April 2017 for unrelated

reasons.

## CAUSE OF ACTION

### Count I – National Origin and Race Discrimination Violating 21 VSA § 495(a)(1)

30. Plaintiff incorporates by reference the factual allegations from paragraphs 1-29 above.

31. Plaintiff was well-qualified for a front desk position.

32. Defendants, with malice or in reckless disregard of Plaintiff's rights, failed to promote

Plaintiff to an available front desk attendant position based solely, or principally, or

in motivating part on Plaintiff's Jamaican descent and because of Plaintiff's national

origin and because of his race.

33. In failing to offer Plaintiff the position for the aforementioned reasons, Defendants

violated 21 VSA § 495(a)(1), and as a direct and proximate result, Plaintiff suffered

Ricci Law, PLC
85 Main Street, Windsor, VT 05089

emotional distress, loss of income, humiliation, and economic insecurity, for all of which he demands judgment and compensation from Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

    A. Judgment against Defendants on the aforementioned claim;

    B. For compensatory damages in an amount the jury determines to be just;

    C. For punitive damages;

    D. For reasonable costs and attorney fees; and

    E. For all other legal and equitable relief to which Plaintiff is entitled.

## PLAINTIFF DEMANDS JURY TRIAL

DATED at Windsor, Vermont this 26th day of December 2018.

Respectfully submitted,

EVERTON BROWNIE
PLAINTIFF

By: Stefan Ricci
Stefan Ricci, Esq.
Ricci Law, PLC
85 Main Street
Windsor, VT 05089
Phone: 802-674-4285
Email:stefan@riccilawvt.com
Attorney for Plaintiff

Page 7 of 7

STATE OF VERMONT

SUPERIOR COURT                                    CIVIL DIVISION
BENNINGTON UNIT                                   DOCKET NO. 357-12-18

EVERTON BROWNIE,

     Plaintiff,

     v.

MERRITT HOSPITALITY, LLC, *et al.*

     Defendants.

## **JOINT STIPULATION TO SUBSTITUTE PARTIES**

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff Everton

Brownie ("Plaintiff") and Defendants CWI Manchester Hotel LLC, HEI Equinox, LLC and

Merritt Hospitality LLC (collectively, the "Parties"), that the following Stipulation may be

entered as an Order of the Court to give effect to the stipulations set forth below:

1.    WHEREAS, on December 26, 2018, Plaintiff filed his Complaint against

Defendants CWI Manchester Hotel LLC, HEI Equinox, LLC and Merritt Hospitality, LLC.

2.    WHEREAS, Defendants admit that Merritt Hospitality, LLC's d/b/a HEI Hotels &

Resorts was Plaintiff's employer during the relevant period of time and is thus the proper party

defendant, Plaintiff agrees to dismiss Defendants CWI Manchester Hotel LLC and HEI Equinox,

LLC, without prejudice, based on Defendants representation that CWI Manchester Hotel LLC

and HEI Equinox, LLC are simply ownership entities.

3.    WHEREAS, the Parties further stipulate that this action shall proceed solely against

Defendant Merritt Hospitality, LLC d/b/a HEI Hotels & Resorts.

Respectfully Submitted,

By: _Stephen Ricci /Sgnd with authorization_  
Stefan Ricci  
Ricci Law, PLC  
85 Main Street  
Windsor, VT 05089  
Phone: 802-674-4285  
Email: stefan@riccilawvt.com

By: _P. Patrick Kennedy_  
J. Patrick Kennedy  
Seyfarth Shaw, LLP  
Seaport East  
Two Seaport Lane, Suite 300  
Boston, MA 02210-2028  
Phone: 617-946-4912  
Email: PKennedy@seyfarth.com

## STATE OF VERMONT

SUPERIOR COURT                      CIVIL DIVISION
BENNINGTON UNIT               DOCKET NO. 357-12-18

| | |
|---|---|
| EVERTON BROWNIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MERRITT HOSPITALITY, LLC, *et al.* | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF FILING OF NOTICE OF REMOVAL

To:     The Clerk of Court
       Vermont Superior Court
       Bennington Unit

       Stefan Ricci
       Ricci Law, PLC
       85 Main Street
       Windsor, VT 05089
       stefan@riccilawvt.com

PLEASE TAKE NOTICE that, on February 27, 2019, pursuant to 28 U.S.C. §§ 1332 and 1441, attorneys for Defendant MERRITT HOSPITALITY, LLC filed with the Clerk of the United States District Court for the District of Vermont a Notice of Removal in the above-captioned action. Attached hereto as **Exhibit A** is a true and correct copy of the Notice of Removal of this action.

Pursuant to 28 U.S.C. § 1446(d), the filing of the Notice of Removal in the United States District Court for the District of Vermont, together with the filing of a copy of the Notice of Removal with this Court, effects the removal of this action, and this Court may proceed no further unless and until the action is remanded.

55172693v.1

February 27, 2019

Respectfully submitted,

MERRITT HOSPITALITY, LLC

J. Patrick Kennedy
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 300
Boston, MA 02210
617-946-4912
PKennedy@seyfarth.com

*Counsel for Defendant Merritt Hospitality, LLC*

2

February 27, 2019

Respectfully submitted,

MERRITT HOSPITALITY, LLC

J. Patrick Kennedy
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 300
Boston, MA 02210
617-946-4912
PKennedy@seyfarth.com

Eric J. Janson
Leslie V. Maffeo
SEYFARTH SHAW LLP
975 F Street, NW
Washington, D.C. 20004
202-463-2400
EJanson@seyfarth.com
LMaffeo@seyfarth.com
*Counsel for Defendant Merritt Hospitality, LLC*

2

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Notice of Filing of Notice of Removal, was

served by U.S. Mail, postage prepaid, this 27th day of February, 2019 upon:

Stefan Ricci
Ricci Law, PLC
85 Main Street
Windsor, VT  05089
stefan@riccilawvt.com


J. Patrick Kennedy

55172693v.1